# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOANN HWANG | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 19-927 |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE | : | |
| COMPANY | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                      **April 22, 2019**

A car insurer's verbal offer to pay approximately half of its insured's alleged medical bills as underinsured motorist benefits may allow the insured to sue for breach of the insurance contract. But the verbal offer does not automatically equal bad faith under Pennsylvania's insurance statutes. The insured must plead much more than her insurer did not offer her all she requested. The insured deciding to sue the insurer for statutory bad faith a month after the verbal offer instead of responding to the offer, opening discussions, or negotiating the import of submitted medical data may sue to obtain negotiating leverage. The tactic must include a complaint with specific facts or we will summarily dismiss this bad faith claim supported by conclusions rather than facts. Absent pleading more than a breach of contract, we today grant the insurer's partial motion to dismiss the insured's bad faith and punitive damages claims.

## I.    Plead facts

Joann Hwang purchased car insurance from State Farm Mutual Automobile Insurance Company.[1] Her policy included underinsured motorist benefits up to $15,000 per person and $30,000 per accident, with stacking available for three vehicles.[2]

On March 12, 2016, a driver "collided into" Ms. Hwang's vehicle causing her injuries.[3] Ms. Hwang claims the driver's $15,000 insurance coverage is inadequate to compensate for her

injuries.[4] On December 6, 2018, she contacted State Farm to request consent to settle with the driver and pursue underinsured motorist benefits through her policy.[5] On December 31, 2018, State Farm consented to Ms. Hwang settling with the third party who collided into her vehicle.[6]

On January 2, 2019, Ms. Hwang provided State Farm with "all documentation" regarding her injuries[7] which include "cervical radiculitis, thoracic radiculitis, sacrocoxalgia, maxillary myositis, disc disease."[8] Ms. Hwang accumulated $14,157 in medical expenses.[9] On February 7, 2019, State Farm offered Ms. Hwang $7,000 to resolve her claim.[10] She did not accept. Less than a month later, on March 4, 2019, Ms. Hwang sued State Farm.

**II.   Analysis**

Ms. Hwang sued State Farm for breach of contract and statutory bad faith under Pennsylvania law.[11] Ms. Hwang alleges one other count in her complaint but fails to plead a claim.[12] She concedes her complaint contains only claims for breach of contract and bad faith.[13] State Farm now moves to dismiss Ms. Hwang's claims for bad faith and punitive damages.[14]

**A. Ms. Hwang fails to plead statutory bad faith.**

State Farm argues Ms. Hwang's bad faith allegations must be dismissed because she does not sufficiently plead a claim under the statute.[15] We agree.

Pennsylvania courts interpret bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy."[16] To prevail in her bad faith claim, Ms. Hwang must allege State Farm (1) lacked a reasonable basis for denying underinsured motorist coverage; and (2) knew or recklessly disregarded its lack of a reasonable basis.[17] "Gross negligence or bad judgment is insufficient to amount to bad faith."[18] Ms. Hwang may assert bad faith based on State Farm's investigative practices "such as a lack of good faith investigation into facts, and failure to communicate."[19]

2

"Bad faith claims are fact specific and depend on the conduct of the insurer vis-a-vis the insured."[20] In *Smith v. State Farm*, our Court of Appeals affirmed dismissal of the plaintiff's bad faith claim because the complaint consisted of "conclusory statements unsupported by facts—State Farm, e.g., 'breach[ed] covenants of good faith and fair dealing,' [] and 'engaged in unfair settlement negotiations."[21] After the plaintiff got into a car accident, the other driver's insurance company tendered the $15,000 policy and the plaintiff then sought the full extent of her $45,000 underinsured motorist benefits through her State Farm policy.[22] The plaintiff's medical bills increased from $26,474 to almost $30,000 during ten months of communications between the plaintiff and State Farm to resolve her claim.[23] The plaintiff requested the policy limit multiple times but State Farm offered $21,000.[24] After it increased the offer to $32,225 in the tenth month, the plaintiff sued.[25] Our Court of Appeals found the complaint to be replete with broad and conclusory statements and factual content contradicted several of the plaintiff's allegations.[26] Though the parties disagreed over the value of the claim, "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith."[27]

Ms. Hwang claims State Farm violated Pennsylvania's bad faith statute with a series of conclusory allegations State Farm:

- failed to investigate and evaluate her claim in an objective and fair manner,
- used invasive and improper investigative tactics,
- engaged in dilatory claim's handling,
- failed to promptly offer payment,
- failed to provide contracted-for insurance coverage
- subordinated her interest to its financial interest,
- violated its fiduciary duty owed to her,

3

- compelled her to sue,
- caused her to spend money on litigation and endure anxiety associated with litigation.[28]

Ms. Hwang "more specifically" alleges State Farm acted in bad faith when it played a "cat and mouse" game with her, offered $7,000 on February 7, 2019 though it knew the amount did not "cover lawfully recoverable medical bills," and failed to provide her with a calculation or summary of how it determined its offer.[29] Similar to the plaintiff in *Smith*, Ms. Hwang fails to support these conclusory statements with facts.[30]

Ms. Hwang does not allege how State Farm failed to investigate and evaluate her claim in an objective and fair manner, subordinated her interest to its own, or violated its fiduciary duty owed to her. She does not plead her communications with State Farm or State Farm's conduct even though a claim for bad faith is based on State Farm's conduct in handling her claim. She does not plead calls or communications since the February 7, 2019 verbal offer of $7,000.

Ms. Hwang pleads: she sustained injuries in a car accident; her medical bills totaled $14,157; she settled with the allegedly negligent driver for $15,000; State Farm timely consented to the settlement; she pursued underinsured motorist benefits; she provided medical records to State Farm; approximately one month later State Farm verbally offered her $7,000; approximately one month later she sued State Farm. She sued State Farm just two months after she opened the claim for underinsured motorist benefits.

Also like *Smith*, Ms. Hwang's facts contradict her conclusory statements forming her bad faith claim. For example, she alleges State Farm engaged in dilatory claims handling and failed to promptly offer payment, yet State Farm offered $7,000 to resolve the claim approximately one month after she submitted her medical records for review.

4

Regardless of whether Ms. Hwang asserted facts, many of the allegations are not relevant or do not support a bad faith claim. Pleading State Farm played a "cat and mouse" game, caused her to spend money on litigation, or caused her anxiety associated with litigation does not plead State Farm's bad faith.

Ms. Hwang argues State Farm "ignored or acted with reckless indifference" to the medical documents establishing her injuries and entitlement to underinsured motorist benefits.[31] And because State Farm did not have a doctor examine her immediately, it lacked refuting "medical evidence or documentation" and refused to pay benefits without justification.[32] Ms. Hwang asserts she accumulated $14,157 in medical expenses, which "may/will" increase.[33]

We accept the medical expense allegation. But the remaining allegations are conclusory statements unsupported by facts. Ms. Hwang alleges no facts showing how State Farm ignored or acted with reckless indifference to reviewing her medical records. To the contrary, State Farm's $7,000 verbal offer in February 2019 suggests it did review her medical records.

Ms. Hwang fails to sufficiently plead a claim for bad faith under Pennsylvania law. We grant State Farm's motion to dismiss the bad faith allegations.

### B. Ms. Hwang cannot obtain punitive damages through her remaining breach of contract claim.

State Farm also argues Ms. Hwang's claim for punitive damages should be dismissed.[34] Under 42 Pa.C.S. § 8371, we may award punitive damages upon finding State Farm acted in bad faith. Having concluded Ms. Hwang fails to establish bad faith on the face of her complaint, only her breach of contract claim remains. "Pennsylvania law does not permit a plaintiff to recover punitive damages for a simple breach of contract."[35] We dismiss Ms. Hwang's claim for punitive damages.

5

### III. Conclusion

We grant State Farm's partial motion to dismiss in the accompanying Order. We dismiss Ms. Hwang's statutory bad faith allegations without prejudice because she fails to assert sufficient facts to plausibly allege a claim for bad faith. We also dismiss Ms. Hwang's request for punitive damages because Pennsylvania law does not allow for punitive damages for this type of contract claim.

---

[1] ECF Doc. No. 1 at ¶ 6.

[2] *Id.* at ¶ 15.

[3] *Id.* at ¶ 9.

[4] *Id.* at ¶ 14.

[5] *Id.* at ¶ 16.

[6] *Id.* at ¶ 17.

[7] *Id.* at ¶ 18.

[8] *Id.* at ¶ 21.

[9] *Id.* at ¶ 28.

[10] *Id.* at ¶ 38.

[11] *See* ECF Doc. No. 1; 42 Pa.C.S. § 8371.

[12] ECF Doc. No. 1 at 4-6.

[13] ECF Doc. No. 7 at 2 ("Plaintiff's Complaint contains two Counts; Count Two (sic) is for breach of contract (for the underinsured motorist benefits); Count Three (sic) is for Bad Faith").

[14] In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and make reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). Complaints must assert sufficient factual matter to show the claim is plausible on its face. *Fowler v. UPMC Shadyside*,

578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (May 18, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[15] ECF Doc. No. 6 at ¶ 13-28.

[16] *Homer v. Nationwide Mut. Ins. Co.*, 722 Fed. Appx. 200, 203 (3d Cir. 2018) (citing *O'Donnell ex rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901, 905 (Pa. Super. 1999)).

[17] *Dougherty v. Allstate Prop. & Cas. Ins. Co.*, 681 Fed. Appx. 112, 117 (3d Cir. 2017) (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)).

[18] *Cont'l Cas. Co. v. Fleming Steel Co.*, 439 Fed. Appx. 134, 137 (3d Cir. 2011) (citation omitted).

[19] *Frantz v. Nationwide Ins. Co.*, No. 18-0509, 2018 WL 4207742, *4 (M.D. Pa. Sept. 4, 2018) (internal quotation marks and citations omitted).

[20] *Nationstar Mortg. LLC v. Radian Guar., Inc.*, No. 18-03798, 2019 WL 1318541, *5 (E.D. Pa. Mar. 22, 2019).

[21] *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed. Appx. 133, 136 (3d Cir. 2012).

[22] *Id.* at 134.

[23] *Id.* at 134-35.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 136.

[27] *Id.* at 138.

[28] ECF Doc. No. 1 at ¶ 33-37.

[29] *Id.* at ¶ 38.

[30] *See* 506 Fed. Appx. at 136. *See also Krantz v. Peerless Indem. Ins. Co.*, No. 18-3450, 2019 WL 1123150, *4 (E.D. Pa. Mar. 12, 2019) (finding the plaintiff failed to support conclusory allegations about the insurance company's claim handling with supporting facts).

[31] ECF Doc. No. 1 at ¶ 24-25.

[32] *Id.* at ¶ 26-27.

7

[33] *Id.* at ¶ 28.

[34] ECF Doc. No. 6 at ¶ 28.

[35] *Krantz,* 2019 WL 1123150, at *5 (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004)).